THE PEOPLE *ex rel.* JUNE REDD, Plaintiff-Appellee, v. TERRY MULHOLLAND, Defendant-Appellant.

Third District   No. 3—84—0805

Opinion filed July 17, 1985.

Kim Kelley, of Peoria, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and James P. Nally, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Terry Mulholland, appeals from an order finding him to be the father of a child born out of wedlock to the plaintiff, June Redd. The sole issue raised on appeal is whether the instant paternity action was barred by a previous dismissal without prejudice in a prior paternity action. We affirm.

The child whose paternity was in dispute was born on February 12, 1977. A paternity complaint against the defendant was filed by the mother on November 10, 1977. At that time, the defendant entered his appearance in the matter. No other action was taken until September 26, 1980, when the cause was dismissed without prejudice upon the motion of the plaintiff.

The mother instituted a second paternity action against the defendant on April 24, 1984. In response, the defendant moved to dismiss, arguing that the previous dismissal of the first complaint barred from further litigation the issue of the defendant's paternity. This motion was denied and on November 24, 1984, the defendant executed an admission of paternity. An order of support was then entered by the trial court. The defendant filed the instant appeal.

On appeal, the defendant asserts that the dismissal in 1980 of the initial complaint barred the subsequent action in 1984. The defendant's argument is based on the expectation of the parties and due process grounds.

The dismissal of the first complaint in 1980 was obtained pursuant to section 52(1) of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 52(1).) Under this section, the plaintiff may, at any time before trial or hearing begins, dismiss her action without prejudice. The phrase, "without prejudice" signifies that the dismissal has been taken with no decision on the merits of the case and, there-

fore, without prejudice to refiling. (*In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 415 N.E.2d 1196.) Once the action is voluntarily dismissed by the plaintiff, the plaintiff may commence a new action within one year or within the remaining period of limitation for the action, whichever is greater. Ill. Rev. Stat. 1979, ch. 83, par. 24a.

In 1980, when the instant plaintiff voluntarily dismissed her initial paternity action, the limitation period for filing was two years. This time limit, however, was later found to be unconstitutional.

In *Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199, a Tennessee paternity statute containing a two-year limitation period was held to be unconstitutional because it denied equal protection to certain illegitimate children. The *Pickett* court held that the two-year limitation period failed to provide these children with an adequate opportunity to obtain support and was not substantially related to the legitimate State interest in preventing the litigation of stale or fraudulent claims.

Following the decision in *Pickett*, the two-year time limit in the Illinois paternity statute was held to be unconstitutional under a similar analysis in *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24. There the court stated that the two-year limitation period violated the equal protection clause of the fourteenth amendment to the Federal Constitution. As a result of this decision, there is no limitation period for the filing of a paternity complaint during the minority of the child at issue. *People ex rel. Reeder v. Reeder* (1985), 131 Ill. App. 3d 841, 476 N.E.2d 50.

We find in the case at bar that the subsequent refiling of the complaint in 1984 was not barred by the previous dismissal without prejudice in 1980. Under the applicable statutory provisions which govern dismissals without prejudice, the plaintiff clearly possessed the right to refile the paternity complaint. The second complaint was not restricted to any limitation period, because the former statutory two-year time limit was no longer valid. We conclude, therefore, that the second paternity action was filed on a timely basis in 1984.

We note parenthetically that the legislature has recently amended the Paternity Act in the Illinois Parentage Act of 1984 (Pub. Act 83—1372), effective July 1, 1985. Section 8(a)(1) thereof provides that a paternity action shall be barred if it is brought later than two years after the child reaches the age of majority. If the action on behalf of the child is brought by a public agency, it shall be barred two years after the agency has ceased to provide assistance to the child.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.