BOSCH DIE CASTING COMPANY, INC., Plaintiff-Appellant, v. JOHN S. BIALLAS *et al.*, Defendants-Appellees.

Second District    No. 2—94—0054

Opinion filed February 9, 1995.—Rehearing denied March 13, 1995.

378

Thomas W. Gooch III, of Thomas W. Gooch & Associates, Ltd., of Wauconda, for appellant.

Rory T. Weiler, of Weiler & Noble, P.C., of Batavia, and Donald K. Hubbard, of Weiler & Noble, P.C., of Elburn, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

This case involves an appeal from the trial court's denial of the plaintiff's motion for leave to file its third amended complaint against the defendants, John S. Biallas and Edgar Petti, for legal malpractice. On August 12, 1993, following the second dismissal of the plaintiff's complaint as to defendant Biallas, pursuant to his motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), the trial court granted the plaintiff 28 days to file its third amended complaint. On November 19, 1993, approximately 71 days after the court-imposed deadline, the plaintiff filed its motion for leave to file its third amended complaint. On January 7, 1994, finding that the plaintiff had failed to exercise due diligence in seeking leave to file and/or in filing its third amended complaint and that the proposed complaint failed to set forth affirmative matter substantially different from the plaintiff's previous complaints, the trial court denied the plaintiff's motion. The court stated that its ruling was "primarily based upon [the plaintiff's] lack of diligence and secondly on the court's finding of no substantially new affirmative matter." The court further found no just reason to delay enforcement or appeal of its order.

The issue of whether a trial court may deny a plaintiff leave to

amend its pleadings is one which rests in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. (*Indiana Insurance Co. v. Hydra Corp.* (1993), 245 Ill. App. 3d 926, 932.) Section 2—616(a) of the Code of Civil Procedure (735 ILCS 5/2—616(a) (West 1992)) provides that "[a]t any time before final judgment amendments may be allowed on just and reasonable terms." Relying on *Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, the plaintiff argues that a failure to amend a complaint in the time granted by a court is considered a dismissal for want of prosecution, giving him the right to refile the action within one year of the dismissal (see 735 ILCS 5/13—217 (West 1992)).

We reject the plaintiff's analysis. The imposition of a time limitation within which an amendment must be filed is clearly a "just and reasonable term" within the meaning of section 2—616(a). (*Nicholson v. Chicago Bar Association* (1992), 233 Ill. App. 3d 1040, 1045.) In *Nicholson*, the trial court had granted the defendant's section 2—615 motion to dismiss count I of the complaint with leave to amend within 21 days. The court later dismissed count II of the complaint with prejudice. More than 10 months after the deadline to amend had passed, the plaintiff filed her motion for leave to file an amended complaint. The trial court entered a final and appealable order, denying the plaintiff's motion as untimely. 233 Ill. App. 3d at 1043-44.

As here, the plaintiff in *Nicholson*, citing *Kraus*, asserted that her case was essentially dismissed for want of prosecution and that, therefore, the dismissal should have been without prejudice. (233 Ill. App. 3d at 1044.) The Appellate Court, First District, however, affirmed the trial court's denial of leave to file an amended complaint. The court stated:

> "The authority of the trial court to dismiss a plaintiff's action with prejudice because of her failure to abide by its orders is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the circuit court. Moreover, such authority has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own dockets so as to achieve the orderly and expeditious disposition of their cases [citation]; and, as previously noted, the exercise of such authority will not be set aside except upon a showing of an abuse of discretion. A contrary course would amount to a substitution of the judgment of the reviewing court in place of that of the trial court in which such discretion properly resides." *Nicholson*, 233 Ill. App. 3d at 1045.

Here, although the plaintiff was 25 days late in filing its motion for leave to file its second amended complaint, the trial court granted

leave to amend. Upon granting defendant Biallas' section 2—615 motion as to the second amended complaint, the trial court again imposed a 28-day deadline within which to file a third amended complaint. Once more, the plaintiff ignored the deadline, filing its motion 71 days after the deadline had passed. We cannot conclude, on the record before us, that the trial court's exercise of its authority in denying the plaintiff's motion for leave to file its third amended complaint was an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN, P.J., and INGLIS, J., concur.