# Illinois Official Reports

## Supreme Court

*Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518

| | |
|---|---|
| Caption in Supreme Court: | MICHAEL RICHTER *et al.*, Appellees, v. PRAIRIE FARMS DAIRY, INC., Appellant. |
| Docket No. | 119518 |
| Filed | May 19, 2016 |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Macoupin County; the Hon. Patrick Londrigan, Judge, presiding. |
| Judgment | Affirmed and remanded. |
| Counsel on Appeal | Donald K. Schoemaker and Andrew J. Tessman, of Greensfelder, Hemker & Gale, P.C., of Swansea, for appellant. |
| | Todd W. Sivia and Paul A. Marks, of Edwardsville, for appellees. |
| | Ann C. Barron, of Heyl, Royster, Voelker & Allen, of Edwardsville, for *amicus curiae* Illinois Association of Defense Trial Counsel. |
| | Leslie J. Rosen, of Chicago, for *amicus curiae* Illinois Trial Lawyers Association. |

Justices            JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1      Following a voluntary dismissal, plaintiffs, Michael Richter and Denise Richter, doing business as Rich-Lane Farms, refiled their civil action against defendant, Prairie Farms Dairy, Inc. The circuit court of Macoupin County dismissed the refiled action pursuant to section 2-619 of the Code of Civil Procedure on the grounds of *res judicata* and the statute of limitations. 735 ILCS 5/2-619(a)(4), (a)(5) (West 2012). The appellate court reversed and remanded for further proceedings. 2015 IL App (4th) 140613. This court allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015). We now affirm the judgment of the appellate court.

¶ 2                             I. BACKGROUND

¶ 3      The pleadings alleged the following facts, which we accept as true in the context of a dismissal pursuant to section 2-619. See *Board of Managers of the Village Centre Condominium Ass'n v. Wilmette Partners*, 198 Ill. 2d 132, 134 (2001). Plaintiffs are partners in the business of dairy farming. Defendant is an agricultural cooperative (see 805 ILCS 315/1 *et seq.* (West 2014)) in the business of producing and supplying dairy products. In August 1980, plaintiffs became members of defendant's cooperative, paid $15 for shares of defendant's common stock, and entered into a "Milk Marketing Agreement" with defendant. According to the agreement, plaintiffs would provide defendant with whole milk, which defendant would market and sell.

¶ 4      In April 2005, plaintiffs temporarily ceased milk production. However, plaintiffs had "hoped and expected to resume production within one year and [had] retained their stock of heifers to enable them to do so." At that time, defendant's bylaws provided, in pertinent part, as follows:

> "Section 8. <u>Termination of Stock Interest</u>. Any common stockholder who ceases to be a producer of agricultural products or who fails to patronize the association for one (1) fiscal year or who violates any provision of the Articles of Incorporation, the Bylaws, or a marketing agreement shall forfeit his right to own Common Stock in this association when evidence of such fact has been presented to the Board of Directors and upon passage of a resolution by the Board finding such to be the fact, immediately thereupon all the rights of such common stockholder shall cease ***. Upon termination of membership, the Board shall redeem the outstanding Common Stock of the terminating member by payment to the member of the actual dollar consideration paid by the member for such Common Stock."

Defendant became aware that plaintiffs temporarily ceased milk production no later than April 30, 2005.

¶ 5    In an October 2005 letter, defendant notified plaintiffs that it had terminated their agreement and plaintiffs' membership in the cooperative. The letter contained two alternative reasons for its actions: "You were no longer marketing milk as an active producer of Prairie Farms, as set forth in the By-Laws, at the end of the fiscal year ending 9/30/05," or "During the current fiscal year, there was a change in the way your membership was recorded in our books (name change, etc.)." Defendant tendered $15 to plaintiffs to redeem the shares of common stock, but plaintiffs rejected the payment.

¶ 6                                        A. *Richter I*

¶ 7    In October 2006, plaintiffs filed a three-count complaint against defendant in the circuit court of Madison County. Plaintiffs alleged that they sustained damages as a result of defendant's termination of their agreement and plaintiffs' membership in the cooperative. Count I sought shareholder remedies pursuant to section 12.56 of the Business Corporation Act of 1983 (Business Corporation Act) (805 ILCS 5/12.56 (West 2006)). Based on defendant's alleged concealment, suppression, or omission of its interpretation of section 8 of its bylaws, count II alleged a claim pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq*. (West 2006)), and count III alleged common-law fraud.

¶ 8    Defendant moved to dismiss the complaint, arguing that each count failed to state a claim upon which relief may be granted. See 735 ILCS 5/2-615 (West 2006)). Defendant asked the circuit court to "dismiss Counts I through III of the Complaint with prejudice as a matter of law."

¶ 9    On September 26, 2007, the circuit court ruled on defendant's motion in a written order, which stated in pertinent part:

> "Defendant's Motion to Dismiss as to Counts I, II, and III are heard and argued.
>
> Defendant's motion as to Count I is denied.
>
> Defendant's Motion to Dismiss as to Counts II and III are granted.
>
> Plaintiff[s] given leave to file amended complaint within 30 days.
>
> Defendant given leave to file response to amended complaint within 30 days after plaintiff's filing of the same.
>
> Defendant to answer Count I within 30 day[s] of [today's] order."

On October 24, 2007, plaintiffs moved for an extension of time to file an amended complaint. On November 28, 2007, the circuit court granted plaintiffs an extension of 120 days. However, plaintiffs never filed an amended complaint. Instead, the case proceeded on plaintiffs' sole remaining claim for shareholder remedies pursuant to the Business Corporation Act as stated in count I.

¶ 10   In June 2011, the circuit court allowed plaintiffs' attorney to withdraw. The court stayed discovery deadlines and granted plaintiffs a continuance to find new counsel. In November 2011, plaintiffs' current attorney entered his appearance. Beginning in February 2012, plaintiffs sought extensions of time to comply with discovery requests. On July 13, 2012, the court granted plaintiffs 30 days to disclose additional experts. On August 13, 2012, plaintiffs moved for a two-week extension to disclose expert witnesses. On September 7, 2012, the court denied plaintiffs' request for a continuance. Plaintiffs then moved to voluntarily dismiss their

lawsuit without prejudice, which the court granted pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2012)).

¶ 11                                    B. *Richter II*

¶ 12     On September 6, 2013, plaintiffs filed their four-count complaint. Count I sought shareholder remedies. Based on defendant's alleged concealment, suppression, or omission of its interpretation of section 8 of its bylaws, count II alleged misrepresentation, and count III alleged common-law fraud. Count IV alleged that defendant's directors or officers breached their fiduciary duty owed to plaintiffs. In December 2013, the circuit court of Madison County granted defendant's motion to transfer venue to Macoupin County.

¶ 13     In February 2014, defendant filed a combined motion to dismiss *Richter II* with prejudice. See 735 ILCS 5/2-619.1 (West 2012). Defendant contended, *inter alia*, that the doctrine of *res judicata* barred plaintiffs' claims in *Richter II* and, alternatively, that the five-year statute of limitations (see 735 ILCS 5/13-205 (West 2012)) barred plaintiffs' claims for misrepresentation, fraud, and breach of fiduciary duty. In June 2014, following a hearing, the circuit court of Macoupin County granted defendant's motion to dismiss *Richter II* based on *res judicata* and the statute of limitations. 735 ILCS 5/2-619(a)(4), (a)(5) (West 2012).

¶ 14     Plaintiffs appealed. The appellate court held that the doctrine of *res judicata* did not bar plaintiffs from filing *Richter II*. The court recognized that one of the requirements for *res judicata* to apply was a final judgment on the merits. 2015 IL App (4th) 140613, ¶ 23. The court concluded that the circuit court's order dismissing the fraud counts in *Richter I* was not a final order. *Id.* ¶ 26. Thus, the doctrine of *res judicata* did not bar plaintiffs from refiling their action. *Id.* ¶ 36. The appellate court also held that the five-year statute of limitations (735 ILCS 5/13-205 (West 2012)) did not bar *Richter II*. The court agreed with plaintiffs that the limitations savings statute (735 ILCS 5/13-217 (West 1994)) permitted the refiled action. 2015 IL App (4th) 140613, ¶¶ 37-42. The appellate court reversed the dismissal and remanded the case to the circuit court for further proceedings. *Id.* ¶ 46.

¶ 15     Defendant appeals to this court. We granted the Illinois Association of Defense Trial Counsel leave to submit an *amicus curiae* brief in support of defendant. We also granted the Illinois Trial Lawyers Association leave to submit an *amicus curiae* brief in support of plaintiffs. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010). Additional pertinent background will be discussed in the context of our analysis of the issues.

¶ 16                                    II. ANALYSIS

¶ 17     Defendant contends that the appellate court erred in reversing the circuit court's section 2-619 dismissal of *Richter II*. Defendant argues that *Richter II* was barred by (A) the doctrine of *res judicata*, (B) the rule against claim-splitting, (C) the statute of limitations, and (D) the equitable doctrine of *laches*.

¶ 18     A section 2-619 motion provides for the involuntary dismissal of a cause of action based on certain defects or defenses. 735 ILCS 5/2-619 (West 2012). In ruling on the motion, the circuit court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008); *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 383 (2004). A section 2-619 motion to dismiss presents a question of law, which we review *de novo*. *In re Estate of Boyar*, 2013 IL 113655, ¶ 27;

- 4 -

*Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 411 (2002).

¶ 19                                    A. *Res Judicata*

¶ 20    Defendant contends that the circuit court correctly dismissed *Richter II* pursuant to section 2-619(a)(4) of the Code of Civil Procedure, which provides for dismissal where the action "is barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 2012). This provision allows a defendant to raise the affirmative defense of *res judicata*. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 565 (2000).

¶ 21    The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars a subsequent action between the same parties or their privies involving the same cause of action. The bar extends not only to what was actually decided in the prior action, but also to those matters that could have been decided. Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of parties or their privies. *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 9; *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008); *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334-35 (1996). The underlying policy of *res judicata* is to promote judicial economy by preventing repetitive litigation and to protect a defendant from the harassment of relitigating essentially the same claim. See *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 45 (quoting *Arvia v. Madigan*, 209 Ill. 2d 520, 533 (2004)).

¶ 22    The requirement of a final order or judgment is a "critical" component in showing the applicability of *res judicata*. *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41. A judgment cannot bar a subsequent action unless it is a "final" judgment. *Relph v. Board of Education of DePue Unit School District No. 103*, 84 Ill. 2d 436, 441 (1981); *People ex rel. Scott v. Chicago Park District*, 66 Ill. 2d 65, 69 (1976). The party invoking *res judicata* carries the burden of establishing its applicability. *Hernandez*, 2012 IL 113054, ¶ 41; *Chicago Historical Society v. Paschen*, 9 Ill. 2d 378, 382 (1956).

¶ 23    The parties agree that the second and third elements of *res judicata* have been satisfied. However, the appellate court concluded that the circuit court's September 2007 dismissal order in *Richter I* was not a final order, and, consequently, the bar of *res judicata* did not apply. 2015 IL App (4th) 140613, ¶¶ 26, 36. Before this court, defendant assigns error to this conclusion. Defendant asserts that the dismissal of plaintiffs' Consumer Fraud Act and common-law fraud claims in *Richter I* "became a final order on the merits" when plaintiffs did not amend the complaint, or seek appeal of that dismissal, but rather voluntarily dismissed the action.

¶ 24    To be "final," a judgment or order must terminate the litigation and fix absolutely the parties' rights, leaving only enforcement of the judgment. *In re Detention of Hardin*, 238 Ill. 2d 33, 42-43 (2010); *Village of Niles v. Szczesny*, 13 Ill. 2d 45, 48 (1958). In determining when a judgment or order is final, one should look to its substance rather than its form. *In re J.N.*, 91 Ill. 2d 122, 128 (1982). Illinois Supreme Court Rule 273 provides: "*Unless the order of dismissal or a statute of this State otherwise specifies*, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Emphasis added.) Ill. S. Ct. R. 273 (eff. Jan. 1, 1967). If a circuit court involuntarily dismisses a plaintiff's action, other than for one of the rule's three exceptions, and if the plaintiff does not procure leave of court to

refile the complaint or if a statute does not guarantee that opportunity, then Rule 273 deems the dismissal to be on the merits. *DeLuna v. Treister*, 185 Ill. 2d 565, 575 (1999). However, a dismissal "without prejudice" signals that there was no final decision on the merits and that the plaintiff is not barred from refiling the action. See *DeLuna*, 185 Ill. 2d at 576; *People ex rel. Redd v. Mulholland*, 134 Ill. App. 3d 929, 930-31 (1985).

¶ 25    The Code of Civil Procedure provides that the circuit court may allow amendments to pleadings "[a]t any time before final judgment." 735 ILCS 5/2-616(a) (West 2012). A dismissal order that grants leave to amend is interlocutory and not final. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 21; *Old Salem Chautauqua Ass'n v. Illinois District Council of the Assembly of God*, 13 Ill. 2d 258, 262 (1958) (stating that order partially striking pleading and granting leave to amend is not final); see *Hicks v. Weaver*, 255 Ill. App. 3d 650, 652 (1994). An order that dismisses the counts of a complaint, but grants the plaintiff leave to amend, is not "final" because the order does not terminate the litigation between the parties. *March v. Miller-Jesser, Inc.*, 202 Ill. App. 3d 148, 158-59 (1990); *Gray v. Starkey*, 41 Ill. App. 3d 555, 558 (1976). A dismissal with leave to amend is consequently without prejudice. See *Dewan v. Ford Motor Co.*, 343 Ill. App. 3d 1062, 1070 (2003); *Perkins v. Collette*, 179 Ill. App. 3d 852, 854 (1989); *Redd*, 134 Ill. App. 3d at 930-31. Accordingly, for purposes of Rule 273, where a dismissal order does not specify that it is "without prejudice," or that plaintiff was granted leave to file an amended complaint, the dismissal order is a final adjudication on the merits. See *Kostecki v. Dominick's Finer Foods, Inc., of Illinois*, 361 Ill. App. 3d 362, 373 (2005) (collecting cases).

¶ 26    In *Richter I*, defendant moved to dismiss the complaint based on insufficient facts alleged in each count. The involuntary dismissal order expressly granted plaintiffs leave to file an amended complaint within 30 days. Hence, there was no "adjudication upon the merits" in *Richter I* because "the order of dismissal *** otherwise specifie[d]" that plaintiffs had leave to file an amended complaint. Ill. S. Ct. R. 273. See *Hernandez*, 2012 IL 113054, ¶ 47; *Stutzke v. Edwards*, 58 Ill. App. 3d 832, 834-35 (1978).

¶ 27    Defendant distinguishes an involuntary dismissal order that grants leave to amend from an involuntary dismissal order that grants leave to amend within a time period. In its brief, defendant argues: "If the leave period 'otherwise specifie[d]' by the court expires and no action is taken by the plaintiff, Rule 273 operates to default the involuntary dismissal order to an 'adjudication on the merits.' " We observe that during oral argument, defendant argued that a plaintiff is responsible for the consequences of failing to amend within a prescribed time period because the order is directed to the plaintiff. Indeed, defendant asserted that there was no rule even allowing a defendant to move for a final dismissal order where a dismissal order has a leave-to-amend time period and the plaintiff fails to timely amend. We cannot agree.

¶ 28    Defendant attempts to create an "automatic final judgment" mechanism that would absolve it of any responsibility for this prolonged litigation. However, defendant's argument overlooks a significant body of case law. Initially, this court has repeatedly recognized the inherent power of the circuit court to review, modify, or vacate interlocutory orders while the court retains jurisdiction over the entire controversy. *Hernandez*, 2012 IL 113054, ¶ 42 (collecting cases); *Catlett v. Novak*, 116 Ill. 2d 63, 68 (1987) (collecting cases). Accordingly, where, as in this case, the circuit court dismisses a complaint, and specifies a number of days for filing an amended complaint, the court retains jurisdiction to allow the amended complaint to be filed

even after the time period has expired. *Richardson v. Economy Fire & Casualty Co.*, 109 Ill. 2d 41, 46 (1985) (collecting cases); *Miller v. Suburban Medical Center at Hoffman Estates, Inc.*, 184 Ill. App. 3d 545, 547 (1989) (collecting cases). By failing to ask for leave to amend after the circuit court enters an order dismissing a complaint, a plaintiff elects to stand on the complaint and a subsequent order dismissing the suit may be entered. *Doner v. Phoenix Joint Stock Land Bank of Kansas City*, 381 Ill. 106, 108-09 (1942). Even if a plaintiff subsequently elects to stand on his or her complaint, an order striking or dismissing a complaint is not final until a subsequent order finally dismisses the action or suit. See *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 99 (1995) (collecting cases); *Cole v. Hoogendoorn, Talbot, Davids, Godfrey & Milligan*, 325 Ill. App. 3d 1152, 1153-54, 1156 (2001); *Miller*, 184 Ill. App. 3d at 547 (collecting cases); *Martin v. Marks*, 80 Ill. App. 3d 915, 919 (1980).

¶ 29    However, defendant relies on this court's decision in *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578 (2003), in support of its "automatic final judgment" mechanism. In *Smith*, the dismissal order granted the plaintiff 60 days to amend the complaint. The plaintiff did not amend but instead filed a motion for a voluntary dismissal (735 ILCS 5/2-1009 (West 2012)) within the 60-day period. *Smith*, 207 Ill. 2d at 588-89. This court held that the circuit court should have allowed the plaintiff's voluntary dismissal because it was within the time period granted for leave to amend. In analyzing the nature and effect of the dismissal order, this court stated:

> "He [plaintiff] also could have elected, as he did here, to voluntarily dismiss the count because the upshot of the court's February 27 order was that *the granting of defendants' section 2-615 motion would be considered to be with prejudice only after the expiration of the 60-day period*." (Emphases in original and added.) *Id.* at 588.

In the case at bar, defendant focuses on the italicized sentence fragment to argue: "*Smith* specifically directs that an involuntary dismissal order becomes a final adjudication on the merits after the expiration of the temporary leave period."

¶ 30    We do not read our opinion in *Smith* so broadly. Courts caution that " 'general language in an opinion must not be ripped from its context to make a rule far broader than the factual circumstances which called forth the language.' [Citation.]" *Rosewood Care Center, Inc. v. Caterpillar, Inc.*, 226 Ill. 2d 559, 572 (2007). Rather, the *Smith* opinion, "like all others, must be read in the context of the specific problem that was before the court." *Touhy v. State Board of Elections*, 62 Ill. 2d 303, 310 (1976); see *Spring Hill Cemetery of Danville, Illinois v. Ryan*, 20 Ill. 2d 608, 619 (1960) (cautioning that a judicial opinion "must be read as applicable only to the facts involved and is an authority only for what is actually decided"). "In construing the language of this court, as in construing any other language, it is necessary to examine the context to find the connection in which the language is used and to ascertain what was intended by such language." *Hoffman v. Hoffman*, 330 Ill. 413, 420 (1928).

¶ 31    To the end of construing our *Smith* decision in context, we quote at length therefrom:

> "In the present case, it is true that defendants challenged the sufficiency of count III by way of a section 2-615 motion on December 29, 2000, and that the circuit court heard the motion prior to plaintiff's filing of his motion to voluntarily dismiss. The court had, in fact, ruled in defendants' favor by dismissing count III. Contrary to defendants' claims, however, that ruling did not have the effect of a final disposition of

the case because the court made the dismissal without prejudice and gave plaintiff 60 days in which to file an amendment. As we have explained, the order of February 27 was not a final order. An order striking or dismissing a complaint is not final until the circuit court enters an order dismissing the suit. [Citations.] We must stress that no such order was entered in this case. Moreover, the circuit court made clear that no such order would be entertained until at least after the passage of 60 days. For all we know, the circuit court might even have allowed plaintiff more time to amend had plaintiff sought leave to do so. We stress, as the United States Supreme Court in [*Jung v. K. & D. Mining Co.*, 356 U.S. 335, 336-37 (1958)] stressed under similar facts, that the circuit court's order did not direct that the requested relief be denied but, rather, left the suit pending for further proceedings.

"In our view, because the order of February 27 expressly left the suit pending for further proceedings, the order not only allowed plaintiff the opportunity to amend, but also allowed plaintiff to pursue other options available to him during this 60-day time frame besides filing the amendment. Plaintiff could have chosen to stand on his complaint and sought an order dismissing the complaint with prejudice, as a means of obtaining a final, appealable judgment. [Citations.] He also could have elected, as he did here, to voluntarily dismiss the count because the upshot of the court's February 27 order was that the granting of defendants' section 2—615 motion would be considered to be *with* prejudice only *after* the expiration of the 60-day period. Under these circumstances, the circuit court should have allowed plaintiff to seek a voluntary dismissal up until the expiration of the 60-day period to amend. In its order, entered on May 2, the circuit court stated that plaintiff failed to act within the 60-day time period. Clearly this was error. We note that plaintiff's motion to voluntarily dismiss was filed on April 12, 2001, on day 48 of the 60-day time period set forth in the February 27 order. The circuit court erred in its calculation that the 60-day period had passed without any action on plaintiff's part. This is not the case where the plaintiff waited until the sixty-first day to seek voluntary dismissal. Because plaintiff acted within the period of time left open for amendment, we believe his right to a voluntary dismissal was intact." (Emphasis in original.) *Smith*, 207 Ill. 2d at 587-89.

¶ 32 When read in context, *Smith* did not hold that an involuntary dismissal order automatically becomes a final adjudication on the merits after a leave-to-amend time period expires. The plaintiff in *Smith* filed a motion for voluntary dismissal *within* the 60-day leave-to-amend time period. *Smith* expressly recognized that the circuit court retained jurisdiction to allow the plaintiff more time to amend had he sought leave and that the dismissal order was not final and would not be final until the circuit court entered a separate order dismissing the action or suit. *Id.* at 587-88. In *Smith,* this court specifically concluded that the plaintiff's right to a voluntary dismissal was intact because he acted *within* the leave-to-amend time period. *Id.* at 589.

¶ 33 Although the *Smith* court conjectured that the dismissal order in that case would have been considered to be with prejudice only after the leave-to-amend period expired, that speculation was unnecessary to the court's actual conclusion. This court did not know how that litigation would have proceeded after the leave-to-amend period expired. *Id.* at 588 ("For all we know, the circuit court might even have allowed plaintiff more time to amend had plaintiff sought leave to do so."). In context, this court was merely attempting to emphasize the security of plaintiff's position *within* the 60-day period. This court did not intend to overrule a significant

body of case law by this single sentence. "We resist reading a single sentence unnecessary to the decision as having done so much work." *Arkansas Game & Fish Comm'n v. United States*, 568 U.S. ___, ___, 133 S. Ct. 511, 520 (2012).

Defendant complains that the above-cited case law provides "no consequences for a plaintiff's failure to act within the temporary leave period. *** Accordingly, there would never be a need to dismiss a claim or complaint with temporary leave to amend because the plaintiff would never be compelled to take any action within the temporary leave period."

However, this argument overlooks that the circuit court may impose whatever "consequences" that defendant would seek in a proper motion. The circuit court retains broad discretion in allowing or denying amendment to pleadings prior to the entry of final judgment, and a reviewing court will not reverse the trial court's decision absent a manifest abuse of such discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992) (collecting cases). Further, the Code of Civil Procedure provides that a circuit court may allow amendments to pleadings "on just and reasonable terms." 735 ILCS 5/2-616(a) (West 2010). Such "just and reasonable terms" may include the enforcement of a time limitation within which the amended pleading must be filed. See, *e.g.*, *Nicholson v. Chicago Bar Ass'n*, 233 Ill. App. 3d 1040, 1045 (1992); *Shroat v. Robins*, 7 Ill. App. 3d 293, 295 (1972). Conversely, the court may permit amendment long after the time period expires. *Richardson*, 109 Ill. 2d at 46. This rule supports the circuit court's sound exercise of its discretion. "A contrary course would amount to a substitution of the judgment of the reviewing court in place of that of the trial court in which such discretion properly resides." *Nicholson*, 233 Ill. App. 3d at 1045. See, *e.g.*, *Bosch Die Casting Co. v. Biallas*, 269 Ill. App. 3d 377 (1995) (granting leave to file second amended complaint 25 days after court-imposed deadline, but denying leave to file third amended complaint 71 days after court-imposed deadline). We conclude that the involuntary dismissal order in *Richter I* did not automatically become a final order when plaintiffs failed to file an amended complaint within the leave-to-amend period.

In the case at bar, defendant moved to dismiss *Richter I* and *Richter II* each with prejudice. Defendant, therefore, knew the legal significance of such a dismissal order. Although nearly five years elapsed between the time plaintiffs were granted leave to file an amended complaint and their voluntary dismissal, defendant did not seek a final order dismissing *Richter I* with prejudice, definitively ending the action. "[A] party claiming *res judicata*—as the party bearing the burden of showing that *res judicata* applies—has a duty to clarify the record so as to *clearly* demonstrate his entitlement to the doctrine's application." (Emphasis in original.) *Hernandez*, 2012 IL 113054, ¶ 52. We conclude that defendant has failed to carry this burden.

### B. Claim Splitting

Defendant next contends that the dismissal order in *Richter I* became a final judgment when the court granted plaintiffs' motion to voluntarily dismiss the sole remaining shareholder remedies claim. Therefore, according to defendant, plaintiffs engaged in improper claim splitting by "refiling the entirety of *Richter I*, including claims that Plaintiffs elected to abandon five years prior, as a new action in *Richter II*." Alternatively, defendant argues that plaintiff had a "limited" right to refile only the shareholder remedies claim alleged in count I of *Richter I*.

¶ 39    We cannot accept this contention. The circuit court granted plaintiffs' motion for a voluntary dismissal of *Richter I* pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2010)). A voluntary dismissal pursuant to section 2-1009 terminates the entire action and renders immediately appealable all final orders entered therein that were not previously appealable. *Hudson*, 228 Ill. 2d at 468; *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 503 (1997). However, this court's decisions in *Rein* and *Hudson* explained that *res judicata* prohibits a litigant from using section 2-1009 to split claims into multiple actions or suits. *Hudson*, 228 Ill. 2d at 471-72; *Rein*, 172 Ill. 2d at 339. In *Rein*, this court cautioned that a plaintiff's statutory right to a voluntary dismissal within the limitations period (735 ILCS 5/13-217 (West 2010)) does not "automatically immunize a plaintiff against the bar of *res judicata* or other legitimate defenses a defendant may assert in response to the refiling of voluntarily dismissed counts." *Rein*, 172 Ill. 2d at 342-43. In *Hudson*, this court explained: "*Rein* thus stands for the proposition that a plaintiff who splits his claims by voluntarily dismissing and refiling part of an action *after a final judgment has been entered on another part of the case* subjects himself to a *res judicata* defense." (Emphasis added.) *Hudson*, 228 Ill. 2d at 473.

¶ 40    *Rein* and *Hudson* are clearly distinguishable from the instant case. Here, the circuit court never entered an order dismissing the action in *Richter I*, or any other order that could be deemed final. A nonfinal order cannot bar a subsequent action. *Relph*, 84 Ill. 2d at 441. Because *Richter I* was dismissed with leave to file an amended complaint, there was no final adjudication on the merits of any of those three claims. Further, a voluntary dismissal pursuant to section 2-1009(a) is, by its express terms, without prejudice. 735 ILCS 5/2-1009(a) (West 2010). Of course, it was within the discretion of the circuit court in *Richter I* to entertain a defense motion for a final order dismissing the cause of action prior to ruling on plaintiffs' motion for voluntary dismissal. See *Morrison v. Wagner*, 191 Ill. 2d 162, 165 (2000). However, defendant did not raise such a motion. Without a final adjudication on the merits, the claim-splitting issues addressed in *Rein* and *Hudson* are not presented here, and *res judicata* is not applicable. See *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 893-95 (2009). Hence, the circuit court's nonfinal ruling in *Richter I* had no effect on *Richter II*. See *Wilson*, 2012 IL 112898, ¶ 26; *Hernandez*, 2012 IL 113054, ¶ 54; *People ex rel. Williams v. Board of Education of Pawnee Township High School*, 350 Ill. 597, 601 (1932).

¶ 41                                    C. Statute of Limitations

¶ 42    Defendant alternatively contends that the circuit court correctly dismissed *Richter II* pursuant to section 2-619(a)(5) of the Code of Civil Procedure, which provides for dismissal where the action "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2012). This provision allows a defendant to raise a statute of limitations defense in a motion to dismiss. See *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 84 (1995).

¶ 43    The complaint in *Richter II* contained four counts. Plaintiffs sought shareholder remedies (count I), alleged misrepresentation (count II), alleged common-law fraud (count III), and alleged that defendant's directors or officers breached their fiduciary duty owed to plaintiffs (count IV). It is undisputed that the cause of action in *Richter II* accrued in October 2005 when defendant terminated the milk marketing agreement and plaintiffs' membership in the

cooperative and that plaintiffs filed the complaint in *Richter II* on September 6, 2013. Defendant contends that plaintiffs' claims for misrepresentation, fraud, and breach of fiduciary duty were not commenced within the applicable five-year statute of limitations (735 ILCS 5/13-205 (West 2012)) and, therefore, are time-barred. In response, plaintiffs contend that section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 2012)) saves these claims.

¶ 44   Section 13-217 provides in pertinent part that if the plaintiff voluntarily dismisses a cause of action, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater *** after the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13-217 (West 1994).[1] Section 13-217 operates as a limitations savings statute, with the purpose of facilitating the disposition of litigation on the merits and avoiding its frustration upon grounds unrelated to its merits. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 215 (2007); *Gendek v. Jehangir*, 119 Ill. 2d 338, 343 (1988).

¶ 45   Although the cause of action in *Richter II* accrued in October 2005, plaintiffs filed *Richter I* in October 2006, well within the applicable five-year limitations period. Further, after plaintiffs voluntarily dismissed *Richter I* on September 7, 2012, section 13-217 conferred on plaintiffs the right to refile within one year even if the statute of limitations had expired. As the appellate court correctly reasoned, plaintiffs, therefore, had until September 7, 2013, to refile their action. Accordingly, when plaintiffs refiled their action on September 6, 2013, the limitations savings period had not yet expired. 2015 IL App (4th) 140613, ¶ 41.

¶ 46   However, defendant contends that section 13-217 is not available to plaintiffs. Defendant argues that *Richter I* was not terminated by plaintiffs' voluntary dismissal, which section 13-217 covers, but rather was terminated by the September 2007 involuntary dismissal order with leave to amend. This argument is premised on defendant's position that the *Richter I* dismissal order with leave to amend automatically defaulted to an adjudication on the merits. We reject this argument as we earlier rejected its premise. We deem plaintiffs' September 2012 voluntary dismissal to be the effective order finally terminating *Richter I*. See *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 785-86 (2009).

¶ 47   Defendant also repeats its contention before the appellate court that plaintiffs may not raise new claims in a refiled action. Defendant argues that plaintiffs' common-law fraud claim in *Richter II* is improper because the only claim that was pending at the time of the voluntary dismissal in *Richter I* was count I for shareholder remedies. Thus, reasons defendant, "Count I of *Richter I* is the only claim that might conceivably be saved."

¶ 48   The appellate court correctly rejected this argument. 2015 IL App (4th) 140613, ¶ 42. A refiled action pursuant to section 13-217 is not a restatement of the old action, but an entirely new and separate action. *Dubina*, 178 Ill. 2d at 504. Further, a cause of action may contain several theories of recovery (*Wilson*, 2012 IL 112898, ¶ 25 (collecting cases)) arising from a single group of operating facts. *Hayashi*, 2014 IL 116023, ¶ 46. Here, plaintiffs' claims in

_____

[1]This version of section 13-217 is currently in effect because it preceded the amendments of Public Act 89-7, § 15 (eff. Mar. 9, 1995), which this court found unconstitutional in its entirety in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). See *Hudson*, 228 Ill. 2d at 469 n.1.

*Richter II* for misrepresentation, fraud, and breach of fiduciary duty all grew out of the same transaction alleged in *Richter I*.

¶ 49                                                  D. *Laches*

¶ 50    Defendant lastly contends that the doctrine of *laches* bars *Richter II*. Section 2-619(a)(9) of the Code of Civil Procedure provides for dismissal where the claim "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2012). One such affirmative matter is the defense of *laches*. See *Mo v. Hergan*, 2012 IL App (1st) 113179, ¶ 34; *Summers v. Village of Durand*, 267 Ill. App. 3d 767, 771 (1994).

¶ 51    " '*Laches* is an equitable principle which bars recovery by a litigant whose unreasonable delay in bringing an action for relief prejudices the rights of the other party.' " *First National Bank of Springfield v. Malpractice Research, Inc.*, 179 Ill. 2d 353, 364 (1997) (quoting *People ex rel. Daley v. Strayhorn*, 121 Ill. 2d 470, 482 (1988)). However, unlike a statute of limitations, "*laches* is not a mere matter of time but principally a question of the inequity of permitting the claim to be enforced,—an inequity founded upon some change in the condition or relation of the property and the parties." *Holland v. Richards*, 4 Ill. 2d 570, 578 (1955). In other words, "it must appear that a plaintiff's unreasonable delay in asserting his rights has prejudiced and misled the defendant, or caused him to pursue a course different from what he would have otherwise taken. [Citations.] If the defendant is not injured by the delay, then plaintiff is not guilty of *laches*." *People ex rel. Casey v. Health & Hospitals Governing Comm'n*, 69 Ill. 2d 108, 115 (1977). The applicability of *laches* to a given case lies within the discretion of the circuit court. *Finley v. Finley*, 81 Ill. 2d 317, 330 (1980); *Evans v. Woodsworth*, 213 Ill. 404, 409 (1904).

¶ 52    Here, the circuit court granted defendant's section 2-619 motion to dismiss *Richter II* expressly on the grounds of *res judicata* and the statute of limitations. The court did not rule on the issue of *laches*, and, consequently, the appellate court declined to address this issue. 2015 IL App (4th) 140613, ¶ 43. We agree and do likewise. On remand, defendant is free to assert a *laches* defense. The circuit court is in the best position to make the relevant factual findings based on the totality of the circumstances of this particular case. See, *e.g.*, *Hurlbert v. Charles*, 238 Ill. 2d 248, 261 (2010); *Morel v. Coronet Insurance Co.*, 117 Ill. 2d 18, 27-28 (1987).

¶ 53                                                III. CONCLUSION

¶ 54    For the foregoing reasons, the judgment of the appellate court is affirmed, and the cause remanded to the circuit court of Macoupin County for further proceedings.

¶ 55    Affirmed and remanded.