**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190359-U

Order filed February 8, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| KAYLENE SCHROEDER, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Petitioner-Appellant, | ) | Whiteside County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0359 |
| | ) | Circuit No. 18-L-16 |
| CYNTHIA L. HARKSEN, | ) | |
| | ) | Honorable Patricia Senneff, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Presiding Justice McDade and Justice Holdridge concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly denied plaintiff leave to file a third amended petition.

¶ 2    In an action to establish a constructive trust, petitioner, Kaylene Schroeder, claimed that respondent, Cynthia Harksen, breached a written agreement to hold funds in trust for Kaylene and her sister, Anna. The circuit court dismissed Kaylene's pleadings as being deficient on more than one occasion providing leave to amend. Kaylene failed to file her third amended pleading within the time allowed by the court. Subsequently, Kaylene filed a motion for leave to file her third

amended pleading outside of the timeline provided. The amended pleading did not remedy the deficiencies previously identified by the court. The circuit court denied leave to file the third amended petition and dismissed the cause with prejudice. Kaylene appeals, arguing the lower court abused its discretion. For the reasons set forth below, we affirm.

¶ 3                                                    I. BACKGROUND

¶ 4          On July 6, 2017, Peggy S. Schroeder passed away leaving two daughters, Kaylene Schroeder and Anna Schroeder. The State brought a felony charge against Anna for the murder of Peggy. Peggy owned a 401(k) account established through her employer. Peggy also owned a life insurance policy, along with various other financial investments and accounts. After Peggy divorced her husband in February 2012, she made Harksen the beneficiary on her financial accounts. The probate court appointed Harksen to act as the independent representative for Peggy's estate.

¶ 5          In March 2018, Kaylene filed suit against Harksen via verified petition, asking the circuit court to establish a constructive trust enjoining Harksen from drawing upon Peggy's assets that were payable upon death to Harksen, thus passing outside of the probate estate. The petition stated that "on information and belief," Peggy and Harksen entered into an oral contract. The substance of the alleged contract was that Peggy would name Harksen beneficiary on Peggy's investments and accounts. Upon Peggy's death, Harksen would hold the proceeds from those accounts for the benefit of Kaylene and Anna. The daughters would not receive any money unless they had been drug-free for a year.

¶ 6          Kaylene then filed a subpoena for the production of records held by the Whiteside County Sheriff's Department (Department). The Department was in possession of Peggy's phone as part

of the investigation into her death. Kaylene sought the production of the contents of Peggy's phone. The Whiteside County state's attorney's office moved to intervene and quash the subpoena.

¶ 7    In the interim, Harksen filed a motion to dismiss Kaylene's verified petition pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). Cynthia's motion averred that the Dead Man's Act (*id.* § 8-201) prevented the use of oral testimony with a decedent as the basis for alleging a binding agreement. In response, Kaylene requested leave to file an amended petition. The circuit court granted her request.

¶ 8    Kaylene filed her first amended petition in June 2018. The petition alleged that Peggy and Cynthia established a "written agreement" contained in the parties' cell phones or computers. She again pled that there was an agreement that Harksen would be the named beneficiary of Peggy's financial investments and accounts, holding the proceeds for the benefit of Peggy's daughters. Harksen moved to have the petition dismissed and requested a bill of particulars. Harksen argued that the amended petition was deficient due to Kaylene's failure to attach either the alleged written agreement or an affidavit establishing the facts as to why the agreement was unavailable to her as required pursuant to section 2-606 of the Code. *Id.* § 2-606. Kaylene then filed an affidavit in support of the amended petition. She stated upon information and belief, the written agreement was on the cell phones of Peggy and Harksen.

¶ 9    The circuit court held a hearing on the motion to dismiss. The court dismissed the petition *sua sponte* pursuant to section 2-615 (*id.* § 2-615). The court agreed with Harksen that the petition did not comply with section 2-606 (*id.* § 2-606). The court granted Kaylene leave to file an amended petition within 28 days.

¶ 10    After the court's ruling, Kaylene filed a motion to compel discovery production from Harksen. Kaylene filed her second amended petition in September 2018. The second amended

petition more or less mirrored her previous pleadings. Kaylene alleged the existence of a written agreement between Peggy and Harksen contained on their cell phones. She also claimed not to have access to the written agreement because the previously mentioned phones were inaccessible to her.

¶ 11　　　　　Also, in September 2018, the court granted Kaylene's subpoena of Peggy's cell phone issued upon the Department. The parties entered into an agreed protective order, providing,

> "that the text messages, Facebook messages, e-mails, and other data provided by The Whiteside County Sheriff's Office *** shall be maintained by Petitioner's and Respondent's respective legal counsel as strictly confidential, and shall not be copied, distributed, disseminated, published, disclosed or released to any person or entity other than respective legal counsel's staff members, and/or this Court, without further order of this Court."

¶ 12　　　　　Approximately a week later, Harksen filed another demand for a bill of particulars and a motion to dismiss the amended petition. *Id.* § 2-615. Harksen again argued that the amended petition failed to comply with section 2-606. *Id.* § 2-606. Kaylene failed to attach the written agreement she alleged to exist or file an affidavit explaining the circumstances rendering the written agreement unavailable to her. The circuit court agreed, dismissing the petition for failure to comply with section 2-606. *Id.* The court allowed Kaylene 14 days to amend the petition. The court also ordered Harksen to comply with discovery requests. Harksen complied with the discovery requests the next month, providing Kaylene with all text messages, e-mails, and Facebook messages between Harksen and Peggy.

- 4 -

¶ 13　　　　　Within Harksen's discovery production were messages evidencing the alleged agreement. In late 2016, the following exchange took place:

"PEGGY: I'm updating beneficiary info, you're still willing [*sic*] take care of the money for the girls?

I need your address

HARKSEN: Yes ***[.]"

The two discussed the matter again in May 2017.

"PEGGY: Hey, if something happens to me, [I] already told the girls, they gotta [*sic*] be drug free to get any money. They both said no problem. If they're not drug free, they have to be drug free a year to get any money and continue to stay [that] way in order to take money out and you will decide if it's a worthy reason. I want it treated like a trust fund, not savings. It's crazy but [I] don't want them having any of my money if they're on drugs ☺

U will get a percentage every time money is taken out and when there's any activity.

It will all be in a will but just in case anything happens before. You're in charge and that's on my papers.

Anyways how are you? Lol

HARKSEN: I don't want any percent! But that sounds good, them drug free!

I'm good

PEGGY: Yeah [I'll] be laughing from my grave instead of rolling in it if they are on drugs lol

HARKSEN: Lol, they won't get money til there [*sic*] 50 lol"

¶ 14 Kaylene failed to file her third amended petition within the time allowed by the court. Instead, 25 days after the time allowed, she filed an erroneous affidavit, claiming she did not have access to the messages comprising the written agreement. She then filed a motion for leave to file her third amended petition two days later. Attached to the motion requesting leave was the third amended petition. Counsel cited communication problems with Kaylene as the cause for the delay in filing.

¶ 15 The third amended pleading was essentially a copy of the previous amended pleading. However, while her previous pleadings alleged that the Department had possession of Peggy's cellphone, Kaylene did not have a copy of the alleged written agreement, and that Harksen had the same written agreement on her cellphone, the third amended petition did not. Kaylene also did not attach the messages between Peggy and Harksen to the newly filed petition. She also failed to file an affidavit explaining this omission aside from the erroneous affidavit, claiming she did not have access to the messages even though both the Department and Harksen produced the messages. Harksen moved to deny leave to file on the grounds the amended petition was untimely and did not cure defects identified in the previous petitions.

¶ 16 The circuit court took the matter under advisement and entered a written disposition denying Kaylene's motion for leave to file. The court found the petition to be deficient in two ways: (1) it was untimely and (2) it failed to comply with section 2-606 (*id.*) although Kaylene had access to the messages. The court dismissed the matter with prejudice. Kaylene filed a motion to

reconsider, arguing for the first time that the agreed protective order prevented her from attaching the messages to her pleadings. The court denied the motion.

¶ 17     This appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19     Kaylene argues the circuit court erred when it denied her motion for leave to file the third amended petition. She also argues the court erred in denying her motion to reconsider. Harksen argues the court did not abuse its discretion as the amended petition was untimely and still defective. She also asserts that Kaylene has forfeited the contention asserted in the motion to reconsider as it was not timely raised.

¶ 20     "In Illinois, courts are encouraged to freely and liberally allow the amendment of pleadings." *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467 (1992). "Notwithstanding that liberal policy, a party's right to amend is not absolute and unlimited." *Id.* In reviewing the circuit court's denial of leave to file the third amended petition, we consider the following factors: (1) whether a defect in the previous pleading would be cured by the amendment; (2) prejudice or surprise sustained by other parties via the amendment; (3) timeliness of the amendment; and (4) whether previous opportunities to amend can be identified. *City of Chicago v. City of Kankakee*, 2019 IL 122878, ¶ 20. "The circuit court retains broad discretion in allowing or denying amendment to pleadings prior to the entry of final judgment, and a reviewing court will not reverse the trial court's decision absent a manifest abuse of such discretion." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 35. "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 21     Section 2-606 of the Code provides in pertinent part:

"If a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her." 735 ILCS 5/2-606 (West 2018).

¶ 22    Below, the circuit court lamented Kaylene's failure to comply with section 2-606 of the Code in its written order. Quite simply, Kaylene should have attached the messages to the petition or supplied the court with an affidavit describing why she failed to do so. Given four bites at the proverbial apple below, we still face a petition that, if allowed, would not cure the defect identified in the previous pleadings. Specifically, the third amended petition does not comply with section 2-606. *Id.* As noted, when alleging a claim based on a written instrument, the pleading party must attach said instrument to the pleadings as an exhibit, recite the terms of the instrument within the pleadings, or the pleading party must submit an affidavit stating why the instrument is unavailable to him or her. *Id.*

¶ 23    Even though Kaylene had access to the written agreement between Peggy and Harksen forming the basis of her claim, it is absent from the pleading at issue. Also, a sufficient affidavit was not attached explaining the absence of the written agreement. Furthermore, Kaylene failed to advance an argument, either in the lower court or in this court, that she sufficiently pled the substance of the written agreement in her third amended petition. Even if she would have advanced this argument, we would find it unavailing as key terms of the agreement are missing from the pleading. In sum, if we allowed the motion for leave to file the third amended petition, it would not further the ends of justice as the lower court would again dismiss the amended pleading for

failing to comply with section 2-606. See *Fleisch v. First American Bank*, 305 Ill. App. 3d 105, 110 (1999).

¶ 24    Having found the third amended petition is still deficient, we turn to the rest of the factors laid out in *City of Chicago*, 2019 IL 122878, ¶ 20. The lower court in its order found that the filing of the amended petition was untimely; Kaylene concedes this point. It is apparent from the record that the court afforded Kaylene previous opportunities to amend. Regarding prejudice, the majority of Kaylene's brief is spent arguing that Harksen suffered no prejudice or surprise by the latest attempt to amend. Kaylene also argues that without a showing of prejudice, the circuit court's denial of leave to amend "solely because of delay" was error. While Harksen undoubtedly did not suffer surprise from the amendment, it is debatable whether she suffered prejudice from defending against Kaylene's repetitively deficient pleadings. Nonetheless, if we were to find in favor of Kaylene on this factor, this is only one of the four. Furthermore, the lower court did not deny leave to amend "solely because of delay." The failure to comply with section 2-606 was an additional defect that is still present. The factors weigh in favor of affirming the lower court's exercise of discretion. Accordingly, it is apparent that the circuit court's ruling was not arbitrary, fanciful, or unreasonable and that reasonable minds could take the same position. See *Seymour*, 2015 IL 118432, ¶ 41.

¶ 25    In an attempt to escape this finding, Kaylene points us to the agreed protective order, arguing it prevented her from attaching the written agreement to the petition. This argument provides Kaylene no relief. She did not raise this argument until filing her motion to reconsider and, as such, it is forfeited. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36. Further, in our view, the protective order precluded the use of "text messages, Facebook messages, e-mails, and other data *provided by The Whiteside County Sheriff's Office*[,]" not information procured in

discovery from Harksen. Moreover, if Kaylene's counsel believed the protective order encompassed discovery from Harksen, this belief did not prevent a discussion with the lower court as to how to proceed or a filing of the messages under seal with the court, nor did it prevent the filing of a sufficient affidavit.

¶ 26    Accordingly, the circuit court did not abuse its discretion in denying leave to amend.

¶ 27                                III. CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Whiteside County.

¶ 29    Affirmed.