2022 IL App (2d) 210317-U
No. 2-21-0317
Order filed May 26, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WEST SUBURBAN BANK, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 19-L-1180 |
| | ) | 20-L-950 |
| | ) | |
| AMERICAN PRODUCTS GROUP, INC., | ) | |
| KENNETH W. REICK, AND DANIEL | ) | |
| O'MALLEY, | ) | Honorable |
| | ) | David E. Schwartz, |
| Defendants-Appellants. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Zenoff and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in granting summary judgment for plaintiff. However, the trial court erred in denying defendants' motion for reconsideration based on a lack of jurisdiction. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

¶ 2    American Products Group, Inc. (the borrower) borrowed money from West Suburban Bank (the bank); Daniel O'Malley and Kenneth W. Reick (the guarantors) supplied personal guarantees for the loan. In 2019, the bank sued the borrower and the guarantors (collectively, the obligors) in the Du Page County circuit court, alleging a default. At the same time, the borrower sued the bank

and West Suburban Bancorp, Inc, in Cook County circuit court alleging tortious interference with the borrower's prospective economic advantages. The Cook County court dismissed the borrower's complaint without prejudice for improper venue and transferred the case to Du Page County.

¶ 3    The Du Page County court then granted summary judgment for the bank on its complaint. The obligors moved for reconsideration, asserting that the court should have considered the allegations of the Cook County complaint; alternatively, they sought leave to file an amended complaint raising the same claim as the dismissed Cook County complaint. The court denied the motions, ruling that its jurisdiction had lapsed.

¶ 4    On appeal, the obligors argue first that the court erred in denying the motion on the basis that it lacked jurisdiction and second that, the court should have considered the Cook County complaint and that, had it done so, it would have denied the bank's summary judgment motion. We hold that the court had jurisdiction to address the obligors' motion but that the court did not err in granting the motion for summary judgment. We therefore affirm the grant of summary judgment, reverse the denial of leave to file an amended complaint, and remand the cause.

¶ 5                                    I. BACKGROUND

¶ 6    On February 28, 2018, the borrower and the bank entered into a loan agreement. The agreement included a note that was guaranteed by the guarantors; the note was secured by a lien on the borrower's property, including equipment and receivables.

¶ 7    On October 21, 2019, the borrower filed a complaint in the Du Page County circuit court alleging that the borrower had failed to perform under the loan agreement. It sought various remedies that included money judgments against the guarantors, whom it named as defendants along with the borrower.

¶ 8 Also on October 21, 2019, the borrower filed a complaint in Cook County court against the bank and West Suburban Bancorp, Inc. (which it treated as indistinguishable from the bank). The borrower alleged that the bank was a creditor of a third party, Microthin.com, Inc. ("Microthin"), which declared bankruptcy in 2012. The borrower bought all of Microthin's assets in a bankruptcy sale. Those assets included what the borrower described as a "a specialized injection mold tool" ("the molding tool"), used to produce a type of plastic water bottle—"the Fin Bottle." The molding tool was in the possession of Wise Plastics Technologies ("Wise"), with which Microthin had contracted to produce water bottles. After the bankruptcy sale, Wise retained possession of the molding tool. In 2016, the bank "came into possession of the [molding tool] from Wise." "The [borrower] immediately requested return of the [molding tool] so that it could continue to manufacture the Fin Bottle, service existing customers and obtain new customers." Moreover, "manufacturing of the Fin Bottle was essential to [the borrower's] keeping current business relationships and creating new business relationships." The borrower informed the bank of its need for the molding tool to generate income and to pay the amounts due on the note.

¶ 9 According to the borrower's theory of the case, the bank's retention of the molding tool amounted to tortious interference with the borrower's prospective economic advantages.

¶ 10 On January 21, 2020, the obligors filed an answer in the Du Page County case. They denied many of the bank's allegations, but also included a section captioned "Affirmative Defenses." The obligors' allegations in that section were nearly identical to those that the borrower made in its complaint in the Cook County case.

¶ 11 On February 10, 2020, the bank and West Suburban Bancorp filed a motion in the Cook County circuit court to transfer venue of the Cook County tortious interference case to Du Page County. It contended that no condition for venue in Cook County had been satisfied and that the

borrower had named West Suburban Bancorp as a defendant solely for the purpose of engineering a Cook County venue.

¶ 12    On February 25, 2020, the bank and West Suburban Bancorp filed a motion to dismiss the Cook County tortious interference case; they relied on section 2-619(a)(3) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(3) (West 2020)), which provides for involuntary dismissal of "an action" when "there is another action pending between the same parties for the same cause." They noted, among other things, that the obligors had taken the language of their affirmative defenses in the Du Page County case verbatim from the Cook County tortious interference complaint.

¶ 13    On July 9, 2020, the Cook County court dismissed the borrower's tortious interference complaint without prejudice pursuant to section 2-619(a)(3). It further granted the bank's motion to transfer venue to Du Page County. The order stated:

> "The Court finds that [the borrower's] claim for tortious interference and [the bank's] claim for default and replevin are so inexplicably [*sic*] intertwined that neither case may be resolved without duplicative litigation of the same facts and arguments. The Court believes that a ruling in one matter will be determinative of the other and in the interest of judicial efficiency, the claims should be consolidated. As such, [the bank's] Motion to Dismiss pursuant to 735 ILCS 5/2-619(a)(3) is GRANTED and [the borrower's] Complaint is DISMISSED without prejudice to file in DuPage County."

¶ 14    The Cook County court also ruled that the borrower had failed to plead a cause of action against West Suburban Bancorp and thus dismissed the complaint with prejudice as to West Suburban Bancorp. Finally, it granted the bank's motion for a change of venue to Du Page County.

¶ 15    On July 13, 2020, the bank moved in the Du Page County case to strike the affirmative

defenses of the borrower and guarantors. It contended that the matter asserted was both lacking a coherent legal theory and inconsistent with the security agreement between the bank and the borrower. The record does not indicate any disposition of that motion. However, on September 24, 2020, the trial court gave the borrower leave to file amended affirmative defenses and a counterclaim.

¶ 16    Also on September 24, 2020, the court entered an agreed order "consolidat[ing]" the former Cook County case with the Du Page County case under the case number of the Du Page County action.

¶ 17    On October 2, 2020, the bank moved for summary judgment against the obligors. It argued that the obligors' responses—or nonresponses—to the requests to admit negated all their denials in their answer.

¶ 18    On October 9, 2020, the borrower and guarantors filed a document entitled "Defendants' Answer to Complaint for Breach of Contract and Other Relief." This document included a section captioned "Amended Affirmative Defenses." The sole defense asserted was that the security agreement and personal guarantees were unconscionable.

¶ 19    On December 16, 2020, the borrower and the guarantors filed their response to the motion for summary judgment. They asserted:

> "[The bank's] Motion for Summary Judgment should be denied because issues of fact in the consolidated case preclude summary judgment. First, there are disputed facts relating to the recovery [the borrower] may make against [the bank], which ultimately affects the amount owed to [the bank] and may preclude recovery all together [*sic*]. Since the cases are consolidated these issues should be addressed together at trial. Second, there is evidence that [the bank] breached its covenant of good faith and fair dealing."

Further:

> "[The bank] will likely claim that [the order entered in Cook County] in some manner disposed of this case. However, a careful reading of that Order demonstrates the matter was actually transferred to DuPage County for further proceedings against [the bank.] [The order at issue] states:
>
> > For the reasons stated above as to [the bank's] Motion to Dismiss, DuPage County would be a better forum with which to try this case. As such, [the bank's] Motion to Transfer Venue is GRANTED. [Citation.]
>
> Accordingly, the [Cook County] matter has not been adjudicated and [the bank's] liability should be considered by the jury before any judgment be entered."

Among the exhibits to the response were affidavits from both guarantors. The two affidavits are essentially identical and restate the facts alleged in the Cook County complaint and the original affirmative defenses.

¶ 20    On December 31, 2020, the bank filed a motion asking the court to strike the guarantors' affidavits on the grounds both that they stated matters outside the guarantors' personal knowledge and that they did not relate to any pleading or matter pending before the court. On the second point, the bank argued that the obligors did not have any counterclaims or affirmative defenses pending and that the affidavits were not relevant to its claims.

¶ 21    Also on December 31, 2020, the bank filed a reply to the obligors' response, arguing, among other things, that, contrary to what the obligors suggested, no tortious interference claim was then pending. It argued that the July 20, 2020, Cook County order unambiguously dismissed the borrower's complaint and that the borrower had not filed or sought leave to file an amended complaint in Du Page County. It thus contended that the obligors abandoned the tortious

interference complaint, so that that pleading had no relevance to the disposition of the motion for summary judgment.

¶ 22    On January 13, 2021, the court granted summary judgment as to all counts. However, it stayed the judgement until March 12, 2021, and offered the obligors an opportunity to file a new complaint or counterclaim:

THE COURT: All right. I have wrestled with this and I've thought about it and I'm not sure that—what my authority is to do this, but what I'm inclined to do today is to grant the motion for summary judgment. I don't think there's any question as to the amount of the loan, the fact that there's a default, the amount of the attorneys' fees, the fact that the loan provides for return of the collateral. I think all of those are clearly defined, and [the bank] has provided sufficient supporting documentation to warrant a judgment that [it] asks for. *** My inclination is to stay enforcement of the judgment for now. ***

So my inclination today is to grant the motion for summary judgment, allow [the bank] the relief [it] seeks in terms of a judgment amount and return of the collateral, but stay enforcement for a short period of time anyway to give [the obligors] a chance to address what is, in some ways, a counterclaim. I'm not sure how you want to phrase it. But clearly [the obligors have] an argument to make about this device, and there's no and there's no motion pending on that. *** There's nothing pending right now, so it's hard for me to address that in terms of his complaint.

***

THE COURT: *** I'm going to go ahead and grant the motion. I don't think [the borrower] denies that the loan amount is what it is and the payments owed are what they are and that amount should be granted. Whether [it's] entitled to a setoff or not or whether

[it] can prove damages because of the retention of this device is really not before me today because—

\*\*\*

—there's nothing pending. Go ahead.

MR. TAHMASSEBI [the obligors' attorney]: Yeah. \*\*\* But, you know, I'd ask, \*\*\*— [G]iven how \*\*\* the complaint against [the bank] was transferred, can I just have leave to cure \*\*\* what I would call a technical defect \*\*\* as opposed to further motion practice? I'll get my complaint on file under the case number that it's already been assigned.

THE COURT: \*\*\* I have to give [the bank's] current attorneys a chance to respond though, so you're going to have to bring a motion to file a complaint on the 20 L case. You know, without seeing what the Bank responds, I'll certainly tell you my inclination is to \*\*\* grant it. I mean, the dismissal in Cook County was without prejudice. \*\*\* But right now \*\*\* there's nothing on file for me to address. \*\*\* I'm going to go a little longer than 30 days simply because I think this needs to be sorted out.

\* \* \*

THE COURT: \*\*\* So I'm going to stay enforcement until March 12th. I'm going to set a status date on both cases the week of March 15th. \*\*\*

\* \* \*

THE COURT: All right. \*\*\* This gives you both a chance to sort things out. Mr. Tahmassebi, you may have \*\*\* a motion to reconsider or something to tell me why I'm so wrong on this. In my estimation, \*\*\* just looking at the pleadings and having no idea about what's going on here, the [borrower] may have a legitimate beef with the Bank; and it may

be something that's worth discussing whether they're entitled to some sort of a setoff. I have no idea. *** The bigger question is, how do we factor in if they've lost anything because of this patented device; and that's a different argument."

¶ 23 On March 9, 2021, the obligors filed a motion entitled "Defendants' Motion to Reconsider or, Alternatively, to File an Amended Complaint/Counter-Claim." They contended that the court erred when it granted summary judgment, on the basis, in part, that the tortious interference case was not pending before it due to an order by the circuit court of Cook County. They argued that "the [tortious interference] matter was in fact consolidated by [the circuit court of Du Page County] into the *** matter [originated by the bank's complaint]."

> "[The borrowers] respectfully submit[] that the [tortious interference] Transferred Complaint *** was part of the *** matter [originated by the bank's complaint] and there was a transferred complaint pending before this Court at the time it ruled on [the] Bank's Motion for Summary Judgment. It further submits that this Court should have considered the effect of the [tortious interference] matter in entering judgment against the Defendants in the [suit on the loan agreement]."

Alternatively, the borrowers requested that the court allow it to file a complaint that did not name West Suburban Bancorp as a defendant, but which otherwise was substantially identical to the one the borrower filed in Cook County.

¶ 24 On March 23, 2021, the borrowers moved to stay collection proceedings, arguing that the summary judgment was not a final and enforceable order. The bank responded, arguing that the court had lost power to modify the judgment by any means other than a petition to vacate the judgment under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)).

¶ 25 On May 13, 2021, the court denied the "Motion to Reconsider or, Alternatively, to File an

Amended Complaint/Counter-Claim." It ruled that it had reserved only the issue of "formal receptions"—"collection issues and citations, things of that nature," but had not intended to retain jurisdiction for further litigation of the claims:

"2. [The tortious interference case] had been transferred from Cook County ***. [The] order, prior to the transfer order, had dismissed the case without prejudice with leave given to file an amended complaint after the transfer. At the time of the January 13, 2021 hearing and even as of today, no amended complaint has been filed. ***

4. The January 13, 2021 order was a final order. It was applicable to both cases and since there was nothing else pending between the parties, it disposed of the entire case as it existed on that date.

5. The Motion to Reconsider was filed March 9, 2021, well after the 30 day deadline pursuant to rule and it was not styled or argued as a 2-1401 Petition.

6. The court finds that it does not have jurisdiction over the case and as such, the Motion to Reconsider is denied."

¶ 26 On June 9, 2021, the borrowers filed their "Motion to Reconsider This Court's May 13, 2021 Order," in which they argued, citing Illinois Supreme Court Rule 304(a) (Ill. S. Ct R. 304(a) (eff. Mar. 8, 2016)), that the court had retained jurisdiction because multiple claims had been involved in the action and the summary judgment had resolved only the bank's claims. There is no record of a disposition of this motion. The borrowers filed a notice of appeal on June 10, 2021. The court denied the obligors' motion to reconsider on September 7, 2021; it stood by its original ruling that it lacked jurisdiction. The obligors filed an amended notice of appeal on September 9, 2021.

¶ 27    The bank moved in this court to dismiss the appeal, arguing that the borrowers' notice of appeal was untimely because the trial court lacked jurisdiction to address the obligors' motion to reconsider of May 13, 2021, and this court therefore lacked jurisdiction as well.[1] We denied the motion in an October 28, 2021, minute order in which we ruled that the trial court had jurisdiction to consider the motion:

> "The circuit court did not merely stay the enforcement of its judgment until March 12, 2021; it also clearly 'manifest[ed] an intention to retain jurisdiction for the entry of a further order. [Citation.] Indeed, as appellants note, the court specifically anticipated appellants' filing of 'a motion to file a complaint on the [tortious interference] case,' and it even went so far as to articulate its inclination to grant that motion. (Although the court subsequently asserted that it had reserved only the issue of 'formal receptions'—'collection issues and citations, things of that nature'—the court's recollection was simply incorrect.) Thus, the court's judgment was not final, and the court had jurisdiction of appellants' March 9 motion to reconsider or file a complaint, and, upon the denial of that motion on May 13, appellants filed a timely notice of appeal on June 10." (Quoting *Djikas v. Grafft*, 344 Ill. App. 3d 1, 8 (2003)).

¶ 28                                    II. ANALYSIS

---

[1] This court would have had jurisdiction of the appeal regardless of the trial court's jurisdiction. Appellate courts have jurisdiction to hear appeals from judgments entered by trial courts lacking jurisdiction, but, in those instances, they are limited to addressing the issue of jurisdiction and have "no authority to address the substantive merits of [the] judgment." *People v. Bailey*, 2014 IL 115459, ¶ 29.

¶ 29    On appeal, the obligors contend first that the trial court erred in ruling that it lacked jurisdiction to consider their March 9, 2021, "Defendants' Motion to Reconsider or, Alternatively, to File an Amended Complaint/Counter-Claim." They contend next that the trial court erred in granting summary judgment for the bank because it "failed to account for the consolidated case against [the bank]." They request that we "enter an order reversing the rulings of the trial court and remand for further proceedings."

¶ 30    In response, the bank argues first that, contrary to our ruling in the minute order of October 28, 2021, the trial court did not have jurisdiction to consider the obligors' May 13, 2021, motion to reconsider and that we therefore lack jurisdiction as well. It further rejects the obligors' contention that the tortious interference claim should have had had any bearing on the grant of summary judgment.

¶ 31    We start by addressing the trial court's jurisdiction. We hold that the trial court had jurisdiction to address the March 9, 2021, motion to reconsider and that the obligors' September 9, 2021, amended notice of appeal was timely.

¶ 32    The bank argues that we erred when we ruled that, under *Djikas*, the trial court properly used its authority to extend the time in which the obligors could move to file an amended complaint. It contends that the "trial court's order [(1)] *did not* and [2)] *could not* extend its jurisdiction beyond 30 days from a final summary judgment." We disagree on both points.

¶ 33    First, the bank has said nothing that persuades us that we were wrong to conclude that the trial court *intended* to give the obligors at least until the March 13 status date to file a motion for leave to file an amended complaint:

        MR. TAHMASSEBI [the obligors' attorney]: Yeah. *** But, you know, I'd ask, ***— [G]iven how *** the complaint against [the bank] was transferred, can I just have

leave to cure *** what I would call a technical defect *** as opposed to further motion practice? I'll get my complaint on file under the case number that it's already been assigned.

THE COURT: *** I have to give [the bank's] current attorneys a chance to respond though, so you're going to have to bring a motion to file a complaint on the 20 L case. You know, without seeing what the Bank responds, I'll certainly tell you my inclination is to *** grant it. I mean, the dismissal in Cook County was without prejudice. *** *But right now *** there's nothing on file for me to address. *** I'm going to go a little longer than 30 days simply because I think this needs to be sorted out.*"

We see no ambiguity in this: the court gave the obligors "a little longer than 30 days" to "sort[] out" what they needed to do with the pleadings.

¶ 34    The bank argues that, had the court intended its order to be nonfinal, it would not have issued a stay. It points out that a nonfinal order is not enforceable under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), and a stay would thus be redundant. Rule 304(a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *only if* the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." (Emphasis added.) Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 35    The bank's brief does not persuade us that the court, in its extemporaneous oral ruling, knew it was creating a final judgment, especially since it did not contain Rule 304(a) language. Instead, based on the trial court's statement, it presumably entered the stay to forestall the bank's collection of their judgment and allow the defendants to seek a setoff or file a counterclaim.

¶ 36    Next, the bank suggests that the court lacked power to extend the time in which the obligors could make postjudgment and other motions. This is incorrect. Section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2020)) specifically allows the trial courts to extend the time for filing additional motions after the entry of a final judgment in nonjury cases:

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or *within any further time the court may allow within the 30 days or any extensions thereof*, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Emphasis added.) *Id.*

This section allowed the court to extend the time for the obligors to file a motion to reconsider. Further, since that extension necessarily caused the court to retain jurisdiction, it extended the time in which the obligors could make other motions, including seeking leave to file an amended complaint.

¶ 37    The trial court erred in denying the motion for leave to file an amended complaint solely on the basis that it lacked jurisdiction. Further, the bank does not argue any basis for dismissal other than the trial court's lack of jurisdiction. We thus remand the matter for reconsideration. On remand, the court may consider any basis for denial other than its lack of jurisdiction.

¶ 38    We turn now to the obligors' contention that the trial court erred in granting summary judgment. Section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2020)) provides the standard for summary judgment:

> "Any time after the opposite party has appeared or after the time within which he or she is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment in his or her favor for all or any part of the relief sought.
>
> ***

(c) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment sought shall be rendered without delay *if the pleadings, depositions, and admissions on file, together with the affidavits, if any,* show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Emphasis added.) *Id.*

We conclude that the obligors have failed to explain how the Cook County complaint was a document that the court could consider in deciding the bank's motion for summary judgment.

¶ 39    The obligors assert that "[the borrower's] transferred claims should have resulted in denial of [the bank's] motion for summary judgment." They further argue that "[t]he affidavits of O'Malley and Reick"—which were exhibits to the borrower's Cook County complaint and the obligors' superseded original affirmative defenses—"create questions of fact as to whether [the borrower] can be successful in obtaining recovery from [the bank]. They say that "[t]his evidence should have called into question whether money will ultimately be due to [the bank] under this consolidated case." We find some further indication of what the obligors are arguing in their reply brief, where they assert:

"neither the Circuit Court nor [the bank] has been able to address how a case was transferred, assigned a case number and then consolidated if no complaint existed. It was reasonable and certainly expected the Complaint from Cook County was transferred and pending in DuPage."

¶ 40    We find the obligors' argument puzzling. They do not address the summary judgment standards as such. However, they do seem to suggest that the Cook County complaint was a "pleading" that the trial court could consider at summary judgment, and they do not seem to be arguing that superseded and dismissed pleadings should be considered in granting or denying a

motion for summary judgment. Based on what they say in the reply, they seem to be claiming that, because the Cook County court transferred the case rather than closing it, the dismissed complaint was not really dismissed.

¶ 41 The obligors seem to misunderstand the nature of a dismissal without prejudice. A "dismissal 'without prejudice' signals that there was no final decision on the merits and that the plaintiff is not barred from refiling the action." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 24. Because a dismissal without prejudice is nonfinal, a court retains jurisdiction such that the plaintiff may file another complaint. That retained jurisdiction—which was what allowed the court in Cook County to transfer the *case* to Du Page County—does not indicate the "existence" of a complaint, merely the existence of the possibility of refiling. We see no way for the trial court to consider the dismissed complaint.

¶ 42 In any event, the obligors seem to misunderstand how a trial court considers motions for summary judgment. Although section 2-1005(c) states that the court is to consider "pleadings, depositions, and admissions on file, together with the affidavits," that does not mean that the trial court considers every such document filed in a case when it evaluates a motion for summary judgment. Instead, the court considers the documents that relate to the claims on which the movant is seeking summary judgment. We see no basis for a court to consider a *different* complaint when a party moves for summary judgment on the claims in one complaint. Moreover, the obligors' response to the motion for summary judgment contained the guarantors' affidavits; those affidavits restated the factual allegations in the Cook County complaint. Thus, we cannot see what difference consideration of the complaint itself could have made.

¶ 43                                      III. CONCLUSION

¶ 44    For this reason, the circuit court of Du Page County's grant of summary judgment in favor of the bank is affirmed. The denial of the March 9, 2021, and June 9, 2021, motions to reconsider is reversed. We remand for further proceedings consistent with this order.

¶ 45    Affirmed in part and reversed in part; cause remanded