2025 IL App (1st) 241017-U

No. 1-24-1017

Order filed January 31, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TONY COLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 108833 |
| | ) | |
| DAVID YANOFF, | ) | Honorable |
| | ) | Christ S. Stacey, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's grant of defendant's motion to dismiss plaintiff's complaint with prejudice because the court correctly found the absolute attorney litigation privilege barred plaintiff's claims.

¶ 2    Plaintiff Tony Cole appeals *pro se* from the trial court's order dismissing with prejudice his complaint against defendant attorney David Yanoff under the absolute attorney litigation privilege. On appeal, plaintiff argues that the trial court erred in granting defendant's motion to dismiss, exhibited prejudice, and violated plaintiff's right to a fair trial and due process. We affirm.

¶ 3     The record establishes that defendant represented Jin Lee, plaintiff's former landlord, during eviction proceedings against plaintiff in circuit court case numbers 22 M1 709496 and 23 M1 704999. The cases were dismissed without prejudice on March 20, 2023, and December 18, 2023, respectively. Plaintiff appealed from the latter matter, and the appeal was dismissed for want of prosecution on May 31, 2024. See *Cole v. Lee*, No. 1-23-2521 (May 31, 2024) (disposition order).

¶ 4     On April 20, 2023, during the pendency of the eviction proceedings, plaintiff filed his complaint against defendant in the Municipal Division for breach of contract, intentional infliction of emotional distress (IIED), and "abuse of process," alleging that defendant's actions "as an attorney representing [p]laintiff's landlord were unethical and violated his professional obligations." Plaintiff alleged that the "attempted eviction" caused him "significant harm, mental stress and damage, including physical pain and anxiety, emotional distress, financial loss, damage to reputation, and disruption of daily life." Plaintiff also alleged that defendant violated the Chicago Residential Landlord and Tenant Ordinance (RLTO), the Illinois Consumer Fraud and Deceptive Business Practices Act, and the Illinois Rules of Professional Conduct. Plaintiff sought damages of $8000 plus costs.

¶ 5     The case progressed to mandatory arbitration on January 17, 2024. The arbitrators entered an award for defendant. Plaintiff rejected the award on January 22, 2024. On February 22, 2024, plaintiff filed an "objection" to the arbitration award and requested a jury trial.

¶ 6     On March 11, 2024, defendant filed a motion to consolidate the Municipal Division case with a Law Division case, 2023 L 11429, that plaintiff had also filed against defendant, and which arose out of the same facts and involved the same issues. Plaintiff objected. On April 4, 2024, the

court denied defendant's motion because only the Municipal Division case was ready for trial and the results of a trial in the Municipal Division case could impact the Law Division case. The court noted that the decision was "based solely upon the procedural postures of the two cases, and not upon any of the other objections raised by the plaintiff, none of which have any legal or factual merit." This order was entered by Judge Kathy Flanagan while the Municipal Division case was assigned to Judge Christ S. Stacey, who presided over the remainder of the proceedings at issue here.

¶ 7    On April 11, 2024, defendant filed a combined motion to dismiss plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2024)). Citing section 2-615 and, alternatively, section 2-619(a)(9) of the Code, defendant argued that the absolute attorney litigation privilege barred the action because the alleged conduct outlined in plaintiff's complaint involved the underlying eviction litigation. Citing section 2-615, defendant also argued that plaintiff's complaint failed for other reasons, including failure to plead facts sufficient to support his claims, incorrect application of the law, and inability to plead actual damages.

¶ 8    Plaintiff filed a response, arguing that defendant's motion lacked merit, repeating arguments from the complaint, and commenting that defendant filed an "emergency" eviction summons solely to harass, intimidate, or abuse the legal process. Plaintiff contended that defendant "admitted to wrongdoing and begged to not be disciplined" in a letter to the Attorney Registration and Disciplinary Commission (ARDC).

¶ 9    The matter proceeded to a hearing on May 7, 2024. After argument, the court dismissed plaintiff's complaint with prejudice. Specifically, the court dismissed his breach of contract claim

as he did not allege facts demonstrating he had a contractual relationship with defendant. It dismissed his claims that defendant violated the RLTO, the Illinois Consumer Fraud and Deceptive Business Practices Act, and the Illinois Rules of Professional Conduct as the complaint was devoid of any facts supporting such actions. It dismissed plaintiff's IIED and abuse of process claims because the "allegedly outrageous actions" supporting those claims were "that [defendant] brought two unsuccessful eviction cases against plaintiff on behalf of his client," and caused "an emergency eviction summons" to be issued, all of which the court found were appropriate actions taken by an attorney.

¶ 10    The court determined the complaint should be dismissed with prejudice as the absolute attorney litigation privilege barred plaintiff's lawsuit. After the court ruled, plaintiff asked the court who else it spoke to regarding the case, and the court answered its "clerk." Plaintiff then stated, "[t]hat's a lie."

¶ 11    Also on May 7, 2024, plaintiff filed a document titled "Cole v. Yanoff 5/7/2024 Case No. 20231108833 Court Proceedings." In the latter, plaintiff argued that Judge Stacey "indirectly communicat[ed]" with Judge Flanagan about the case, which caused Judge Stacey to dismiss the case. Plaintiff argued that Judge Stacey's "alleged preconceived notions and reliance on indirect communication from Judge Flanagan demonstrate bias and partiality." Plaintiff expressed his intention to file a federal complaint alleging "judicial misconduct and abuse of discretion" regarding every Cook County judge who presided over his cases since 2022. Plaintiff also filed a notice of appeal.

¶ 12    On appeal, plaintiff contends that the trial court misapplied the absolute attorney litigation privilege in dismissing his complaint. Plaintiff further contends that the trial court was biased

against him, unduly influenced by Judge Flanagan, and violated his right to a fair trial and due process "by relying on procedural irregularities and alleged ex parte communications."

¶ 13    As an initial matter, plaintiff's brief fails to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, his brief does not contain a statement of facts containing the facts necessary to understand the case "stated accurately and fairly without argument or comment," and with references to the relevant pages in the appellate record (see Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020)), or an argument section containing citations to the record and legal authority supporting his claims (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)). Plaintiff's brief provides no citations to the record, and he does not articulate a legal argument which would allow a meaningful review of his claims.

¶ 14    A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve him of the obligation to comply with the applicable appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we may strike a brief or dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. In this case, however, we have the benefit of a cogent appellee's brief, and therefore decline to dismiss the appeal on this basis. See *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14 (reviewing merits of the appeal despite appellant's violations of Supreme Court Rule 341(h)).

¶ 15    The trial court's order granting defendant's section 2-619.1 motion does not specify whether it dismissed plaintiff's complaint with prejudice pursuant to section 2-615 or 2-619 of the

Code. The record, however, establishes that defendant's motion argued that the absolute attorney litigation privilege barred the action under section 2-615 of the Code and, alternatively, under section 2-619(a)(9) of the Code. Further, the trial court found that plaintiff's complaint failed to state a cause of action for any of his claims and decided not to allow plaintiff to replead because the absolute attorney litigation privilege barred plaintiff's lawsuit. Thus, as the court found that plaintiff's complaint was legally insufficient based upon defects apparent on its face, it was necessarily dismissed with prejudice under section 2-615 of the Code.

¶ 16    "A section 2-615 motion tests the legal sufficiency of the plaintiff's complaint, asking whether the allegations in the complaint, construed in the light most favorable to the plaintiff, state sufficient facts to establish a cause of action upon which relief may be granted." *project44, Inc. v. FourKites, Inc.*, 2024 IL 129227, ¶ 18. A complaint should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proven which would entitle the plaintiff to relief. *Id*. We review *de novo* the trial court's order granting a section 2-615 motion to dismiss. *Id*.

¶ 17    We find that the trial court properly dismissed the claims in plaintiff's complaint pursuant to section 2-615.

¶ 18    First, we note that plaintiff's claims against defendant in his complaint were vague and conclusory, as he did not outline specific facts to support his claims of breach of contract, IIED, "abuse of process," or violations of the RLTO, Illinois Consumer Fraud and Deceptive Business Practices Act, and Illinois Rules of Professional Conduct. Illinois is a fact pleading jurisdiction. *Beauchamp v. Dart*, 2022 IL App (1st) 210091, ¶ 29. A plaintiff is thus required to plead facts in his complaint in support of each element of the causes of action alleged, and conclusions of fact will generally not suffice to state a cause of action. *Id*. However, even accepting that plaintiff

adequately pleaded facts that would support his claims, these claims were all barred by the absolute attorney litigation privilege.

¶ 19    The absolute attorney litigation privilege is described in The Restatement (Second) of Torts accordingly: "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." Restatement (Second) of Torts § 586 (1977). The privilege is intended to provide attorneys with freedom "to secure justice for their clients" and furthers "attorneys' need to fully and fearlessly communicate with their clients, as well as to promote the free flow of truthful information to the courts." (Internal citations removed.) *Scarpelli v. McDermott Will & Emery LLP*, 2018 IL App (1st) 170874, ¶ 17.

¶ 20    In practice, the privilege provides an attorney with complete immunity with respect to the communications he makes related to litigation, regardless of the attorney's motives and irrespective of the attorney's "knowledge of the falsity of it or unreasonableness of his conduct." *Id*. ¶ 18. The privilege has been expanded to apply to other attorney conduct in furtherance of representation, and to cover claims brought against attorneys other than defamation. *Id*. ¶ 25. The privilege extends to attorney conduct related to proposed or pending litigation, and in furtherance of representation. *O'Callagan*, 2015 IL App (1st) 142152, ¶ 25. The requirement that the attorney conduct be pertinent to proposed or pending litigation is not strictly applied, and we resolve all doubts in favor of a finding of pertinency. *Id*. The privilege has been applied to claims of IIED (*Bedin v. Northwestern Memorial Hospital*, 2021 IL App (1st) 190723, ¶¶ 40-41) and breach of contract (*Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677, ¶ 17).

¶ 21　Here, we find plaintiff's claims in his complaint barred by the absolute attorney litigation privilege. Defendant's act of filing the eviction proceedings on behalf of Lee and subsequent communications between defendant and plaintiff, which were the basis for the claims in plaintiff's complaint, related to the eviction litigation and were in furtherance of defendant's representation of Lee. See *O'Callagan*, 2015 IL App (1st) 142152, ¶ 25. Thus, the trial court properly dismissed the complaint with prejudice as it is clear from the pleadings that plaintiff could prove no set of facts that would entitle him to relief. See *Lake Point Tower Condominium Association v. Waller*, 2017 IL App (1st) 162072, ¶ 21.

¶ 22　In his reply brief, plaintiff argues that the absolute attorney litigation privilege did not bar his claims because defendant's conduct did "not qualify as legitimate legal advocacy," but rather amounted to "abuse of process" with the purpose of harassing and intimidating plaintiff. Plaintiff also contends that defendant's representation of Lee "was undertaken with the intent to affect [plaintiff's] property rights," causing plaintiff to become a third-party beneficiary of a contract between defendant and Lee. Plaintiff also contends that he suffered significant financial and emotional harm as a result of defendant's actions.

¶ 23　The record contains no evidence, outside of plaintiff's contentions, that defendant represented Lee solely for the purpose of harassing plaintiff. Plaintiff has not established that defendant's conduct was not in furtherance of litigation, nor does our review of the record uncover defendant's purported "abusive" actions toward plaintiff. Accordingly, defendant's conduct and communications at issue are protected by the absolute attorney litigation privilege and the trial court did not err in dismissing plaintiff's complaint pursuant to section 2-615. See *Scarpelli*, 2018 IL App (1st) 170874, ¶ 25.

¶ 24 Regarding plaintiff's remaining contentions that the trial court was biased against him because it was "tainted by undue influence from Judge Flanagan," "the consolidation" of the cases was improper, and the trial court's "handling" of plaintiff's case was "marred by procedural irregularities and bias," these arguments are not developed on appeal and consist only of plaintiff's conclusory assertions. "[A] reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented." (Internal quotation marks omitted.) *Bartlow v. Costigan*, 2014 IL 115152, ¶ 52. Thus, these points are forfeited on appeal and we decline to address them. See *Hayashi v. Illinois Department of Financial and Professional Regulation*, 2014 IL 116023, ¶ 50; *Bartlow*, 2014 IL 115152, ¶ 52 (an issue that is merely listed or included in a vague allegation of error is not "argued" and does not satisfy Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020)).

¶ 25 Accordingly, for the reasons stated above, we affirm the trial court's dismissal of plaintiff's complaint with prejudice.

¶ 26 Affirmed.