2025 IL App (1st) 241230-U

No. 1-24-1230

Order filed February 7, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TONY COLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 23 L 11429 |
| | ) | |
| DAVID YANOFF, | ) | Honorable |
| | ) | Anthony C. Swanagan, |
| Defendant-Appellee. | ) | Judge presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's dismissal of plaintiff's complaint with prejudice.

¶ 2    Plaintiff, Tony Cole, sued defendant, David Yanoff, an attorney who represented Cole's landlord in two eviction proceedings against Cole. On Yanoff's motion, the circuit court dismissed Cole's complaint with prejudice, finding all of the claims barred by the attorney litigation privilege. On appeal, Cole contends that the court erred in dismissing his complaint with prejudice

and raises various other contentions of error. For the reasons that follow, we affirm the court's dismissal with prejudice, albeit based on the doctrine of *res judicata*.

¶ 3                                    I. BACKGROUND

¶ 4      Yanoff represented Cole's landlord, Jin Lee, in two eviction cases against Cole. Judges in the Cook County circuit court's first municipal district dismissed both eviction cases against Cole without prejudice. In April 2023, Cole, as a *pro se* plaintiff, sued Yanoff in the Cook County circuit court's first municipal district (Case No. 2023 M1 108833), raising various allegations based on Yanoff's conduct during the representation of Lee in the eviction actions. Though Cole acknowledged he had not been evicted, he claimed the "attempted eviction caused him significant harm, mental stress and damage, including physical pain and anxiety, emotional distress, financial loss, damage to reputation, and disruption of daily life." Cole pled three counts: breach of contract, intentional infliction of emotional distress and abuse of process.

¶ 5      While Cole's first municipal district case against Yanoff progressed, Cole filed the instant *pro se* complaint against Yanoff in the Cook County circuit court's law division. Cole alleged that Yanoff, while acting as Lee's eviction counsel, "engaged in misrepresentations and legal malpractice, leading to financial loss and emotional distress." Cole pled two counts. In Count I, titled "Legal Malpractice," Cole alleged that Yanoff committed legal malpractice by "filing baseless evictions and misrepresenting the nature of [Cole and Lee's] lease agreement." In Count II, titled "Violation of Legal Ethics," Cole alleged that Yanoff violated legal ethics by "misrepresenting facts in the eviction cases."

¶ 6      In May 2024, as this case proceeded, a judge in the circuit court's first municipal district dismissed all three counts of Cole's complaint there for failing to state causes of action and did so

with prejudice because the attorney litigation privilege made it impossible for Cole to plead facts sufficient to state causes of action. Cole appealed that dismissal.[1]

¶ 7      Back in the law division case, Yanoff filed a motion to dismiss and a supplemental motion to dismiss Cole's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 2/619.1 (West 2022)) with prejudice. Therein, Yanoff argued that, pursuant to section 2-615 of the Code (*id.* § 2-615), the entire complaint should be dismissed based on the attorney litigation privilege. Additionally, Yanoff argued that, pursuant to section 2-619(a)(4) of the Code (*id.* § 2-619(a)(4)), Cole's complaint should be dismissed based on *res judicata* because of the dismissal of Cole's complaint in the first municipal district case. The following month, after briefing on Yanoff's motions to dismiss, the circuit court held a hearing on the motions, where it determined that the claims of Cole's complaint were barred by both *res judicata* and the attorney litigation privilege. The next day, the court entered a written order that granted Yanoff's motions with prejudice based solely on the attorney litigation privilege. Cole subsequently appealed.

¶ 8                                    II. ANALYSIS

¶ 9      Although Cole raises several contentions on appeal about how he was allegedly wronged during proceedings below, his primary request for relief is the reversal of the circuit court's dismissal order with prejudice.

¶ 10      Yanoff brought his motions to dismiss under section 2-619.1 of the Code (*id.* § 2-619.1), which allows a defendant to bring a combined motion to dismiss arguing for dismissal based on section 2-615 and section 2-619 (*id.* §§ 2-615, 2-619). *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 15. A motion to dismiss under section 2-615 "challenges the legal sufficiency of a

---

[1] This court recently affirmed the circuit court's judgment. See *Cole v. Yanoff*, 2025 IL App (1st) 241017-U.

complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). Conversely, a motion to dismiss under section 2-619 admits the legal sufficiency of the complaint but asserts that certain external defects or defenses defeat the claims therein. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. One such defense is that a "cause of action is barred by a prior judgment" (735 ILCS 5/2-619(a)(4) (West 2022)), *i.e.*, the affirmative defense of *res judicata*. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 20. In analyzing either type of motion to dismiss, the court must accept all of the complaint's well-pled facts as true and any reasonable inferences therefrom. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24. Additionally, the complaint and its supporting documents must be viewed in the light most favorable to the nonmoving party. *Id.* We review a dismissal based on either type of motion *de novo*. *Id.*

¶ 11     As discussed, although the circuit court orally remarked that it would be dismissing Cole's complaint based on the attorney litigation privilege and the doctrine of *res judicata*, the court's written order only utilized the attorney litigation privilege as a basis for dismissal. Because we can affirm the circuit court's dismissal based on any basis supported by the record (see *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 9), we need not determine whether the attorney litigation privilege bars the claims in Cole's complaint. Rather, this case presents a clear-cut application of the *res judicata* doctrine based on the first municipal district judge's dismissal of Cole's complaint against Yanoff, and we resolve the case accordingly.

¶ 12     "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent cause of action between the parties or their privies on the same cause of action." *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18. While the doctrine "prevents a party from taking two bites out of the same apple" (*Arvia v. Madigan*, 209 Ill. 2d 520, 534

(2004)), it also prevents a party from litigating matters that could have been decided in the original action. *Cooney*, 2012 IL 113227, ¶ 18. The doctrine "promote[s] judicial economy by preventing repetitive litigation and *** protect[s] a defendant from the harassment of relitigating essentially the same claim." *Richter*, 2016 IL 119518, ¶ 21. In order for *res judicata* to apply, there must be: "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of parties or their privies." *Id.* The party invoking the doctrine has the burden to establish its applicability. *Id.*

¶ 13    First, there was a final judgment on the merits rendered by a court of competent jurisdiction based on the first municipal district case, as the judge there dismissed the case with prejudice based on Cole's failure to state causes of action and the attorney litigation privilege. See *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001). Second, as to the identity of the cause of action, Illinois courts utilize the transactional test. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). Under that test, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* Cole's complaint in the first municipal district and his complaint in this case both arise from a single group of operative facts, that is, Yanoff's representation of Lee in the two eviction matters. As such, there is an identity of cause of action between both the first municipal district case and the instant case. Third, there is an identity of parties, as Cole was the plaintiff in the first municipal district case and this case, and Yanoff was the defendant in both cases. Yanoff has therefore established that all three elements of *res judicata* have been met.

¶ 14    It is true that a court will not apply *res judicata* where it would be fundamentally unfair to do so. See *Nowak*, 197 Ill. 2d at 390. These circumstances exist when:

"(1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 341 (1996).

¶ 15    However, none of these five circumstances are present, and Cole has not shown that the policies favoring preclusion should be overcome for some extraordinary reason. Rather, through both the first municipal district lawsuit and the instant one, Cole has impermissibly attempted to split his claims. See *id.* at 339-40 (the doctrine of *res judicata* prevents a plaintiff from splitting his or her claims through multiple proceedings). Consequently, *res judicata* bars Cole's complaint in this case, and, despite Cole's claim that he was not given a chance to amend his complaint, the circuit court properly dismissed the pleading with prejudice. See *Jachim v. Townsley*, 249 Ill. App. 3d 878, 880-81 (1993) ("The doctrine of *res judicata* requires a dismissal with prejudice where an action is barred by a prior judgment.").

¶ 16    Beyond challenging the dismissal of his complaint, Cole raises various other contentions. For one, he claims that the circuit court erred by admitting and relying on misleading and inaccurate transcripts provided by Yanoff. However, Cole fails to explain how the transcripts were misleading or inaccurate. Consequently, he has forfeited any claim about the transcripts. See Ill.

S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***."). Cole also argues that Yanoff failed to provide courtesy copies of essential documents, including court orders and motions, which allegedly prejudiced his ability to respond effectively. Cole fails to sufficiently explain how he was prejudiced. Consequently, he has forfeited any claim about the alleged failure of Yanoff to provide courtesy copies. See *id.* Lastly, Cole makes various allegations that the court committed judicial misconduct. We have reviewed the record and found zero evidence of judicial misconduct by the court.

¶ 17                                    III. CONCLUSION

¶ 18     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19     Affirmed.